KAMALA D. HARRIS
Attorney General of California
SALLY MAGNANI
Senior Assistant Attorney General
BRIAN W. HEMBACHER
Supervising Deputy Attorney General
SARAH E. MORRISON
Deputy Attorney General
State Bar No. 143459
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013
 Telephone: (213) 897-2640
 Fax: (213) 897-2802
 E-mail: Sarah.Morrison@doj.ca.gov

*Attorneys for Plaintiff*
*Department of Toxic Substances Control*

FILED
CLERK, U.S. DISTRICT COURT

MAY -- 7 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,<br><br>                                   Plaintiff,<br><br>        v.<br><br>RENU PLATING COMPANY, INC., ET AL.,<br><br>                              Defendants. | Case No.  CV13-01508-R (CWx)<br><br>**[PROPOSED] CONSENT DECREE BETWEEN PLAINTIFF AND DEFENDANT MARIO H. PINZON**<br><br>Courtroom:    8<br>Judge:          Hon. Manuel L. Real<br><br>Trial Date:<br>Action Filed: March 1, 2013 |

# INTRODUCTION

1.     Plaintiff the State of California Department of Toxic Substances Control ("Plaintiff") filed a complaint in the above-captioned action ("Complaint") pursuant to section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. section 9601 et seq. ("CERCLA"), against several parties, including defendant Mario H. Pinzon ("Mr. Pinzon"). In the Complaint, Plaintiff seeks the recovery of response costs incurred or to be incurred by Plaintiff in responding to releases and/or threatened releases of hazardous substances at or from the properties located at 1527 East 32nd Street and 1531 East 32nd Street, Los Angeles, California 90011, identified by Los Angeles County Assessor's Parcel Numbers ("APNs") 5117-001-008 and 5117-001-009, respectively (collectively referred to as "Site"), pursuant to CERCLA section 107(a), 42 U.S.C. § 9607(a). Plaintiff also seeks declaratory relief under CERCLA section 113(g)(2), 42 U.S.C. § 9613(g)(2), alleging that the defendants are jointly and severally liable for future response costs to be incurred by Plaintiff with respect to the Site.

2.     In the Complaint, Plaintiff alleges, in relevant part, that:

    a.     From approximately 1955 to 1984, a metal plating facility operated on the Site. Metal plating operations included the use of acids, solvents, metals, and cyanide.

    b.     As a result of the plating operations at the Site, hazardous substances have been, and continue to be, released and/or threatened to be released, into the soil at, beneath, and/or from the Site.

    c.     In 1984, Los Angeles County ("County") investigated releases of hazardous substances at the Site. The County took soil samples that revealed the presence of hazardous substances in the surface and subsurface

CONSENT DECREE BETWEEN PLAINTIFF
AND DEFENDANT MARIO PINZON
Case No.: CV13-01508-R (CWx)

soil at the Site, including, but not limited to, cadmium, chromium, copper, lead, nickel, zinc, and cyanide.

d. After certain defendants failed to comply with the County's directives to address the hazardous substances on the Site, the County referred the Site to Plaintiff.

e. Mr. Pinzon owned the Site from approximately 2000 to the present.

f. On June 28, 2001, Plaintiff issued an Imminent and Substantial Endangerment Order ("ISE Order") directing the defendants, including Mr. Pinzon, to investigate and remediate the release and/or threatened release of hazardous substances at or from the Site.

g. The defendants, including Mr. Pinzon, failed to complete the investigation and removal of releases and/or threatened releases of hazardous substances at or from the Site as required by the ISE Order.

h. In 2004, Plaintiff conducted a site investigation of the soil at the Site. The site investigation revealed the presence of hazardous substances, including, but not limited to, cadmium, copper, lead, nickel, zinc, and cyanide in the soil, and tetrachloroethene ("PCE") and trichloroethylene ("TCE") in the soil gas at the Site.

i. In 2009, Plaintiff completed a remedial investigation determining the nature and extent of the contamination at the Site.

j. Plaintiff conducted removal actions at the Site, including demolishing a building, and excavating and removing soil contaminated with cadmium, copper, lead, nickel, zinc, cyanide, PCE, and TCE.

k. Plaintiff directed Mr. Pinzon to record a covenant to restrict the use of property, because some contaminated soil is still present and the Site is unacceptable for unrestricted use.

3

CONSENT DECREE BETWEEN PLAINTIFF
AND DEFENDANT MARIO PINZON
Case No.: CV13-01508-R (CWx)

3.      Plaintiff's response actions were necessary to remove and remedy the hazardous substances released and/or threatened to be release at and from the site. Plaintiff's response actions include, but are not limited to, the following activities: investigation; removal/remediation actions; enforcement/cost recovery; oversight; public participation; and compliance with the California Environmental Quality Act. Plaintiff's response actions were not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

4.      On October 21, 2011, Plaintiff recorded a lien on the real property constituting the Site, pursuant to California Health and Safety Code section 25365.6, in the amount of $931,631.39 for Plaintiff's response costs incurred at the Site.

5.      As of February 7, 2013, Plaintiff's unreimbursed response costs related to the Site exceed $ 972,000.  Plaintiff will continue to incur response costs related to the Site, including Plaintiff's enforcement costs to litigate the Complaint.

6.      Plaintiff contends that Mr. Pinzon, as a current owner of the Site, is jointly and severally liable under CERCLA for response costs incurred by Plaintiff related to the Site.

7.      Plaintiff and Mr. Pinzon ("the Parties") agree and this Court, by entering this Consent Decree, finds that this Consent Decree has been negotiated by the Parties in good faith, the settlement of this matter will avoid prolonged and complicated litigation, and that this Consent Decree is fair, reasonable, in the public interest, and consistent with the purpose of CERCLA.

**THEREFORE**, the Court, with the consent of the Parties to this Consent Decree, hereby **ORDERS, ADJUDGES, and DECREES**, as follows:

## I. JURISDICTION

8.      The Court has subject matter jurisdiction over the matters alleged in the Complaint pursuant to 28 U.S.C. section 1331 and CERCLA section 113(b), 42

4

CONSENT DECREE BETWEEN PLAINTIFF
AND DEFENDANT MARIO PINZON
Case No.: CV13-01508-R (CWx)

U.S.C. section 9613(b), and the Court has personal jurisdiction over each of the Parties.

9.   Venue is appropriate in this district pursuant to 28 U.S.C. section 1391(b) and CERCLA section 113(b), 42 U.S.C. section 9613(b) because the claims asserted in the Complaint and the releases and/or threatened releases of hazardous substances occurred in this judicial district.

10.   Mr. Pinzon waives all objections and defenses that he may have to the jurisdiction of the Court or venue in the above-captioned action.  Mr. Pinzon agrees not to challenge this Court's jurisdiction to enter and enforce this Consent Decree.

11.   The Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree until the requirements of this Consent Decree have been fully satisfied.

## III.  SETTLEMENT OF DISPUTED CLAIMS

12.   This Consent Decree resolves Mr. Pinzon's alleged liability in the above-captioned action under section 107 of CERCLA, 42 U.S.C. § 9607, in exchange for payment by Mr. Pinzon to reimburse a portion of Plaintiff's response costs incurred and to be incurred by Plaintiff at or in connection with releases and/or threatened releases of hazardous substances at, beneath, and/or from the Site.

13.   Except as otherwise expressly provided in this Consent Decree, this Consent Decree shall not prejudice, waive, or impair any right, remedy or defense that Mr. Pinzon may have in any other or further legal proceeding.

14.   The Parties consent to, and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

15.   Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between Plaintiff and Mr. Pinzon.

CONSENT DECREE BETWEEN PLAINTIFF
AND DEFENDANT MARIO PINZON
Case No.: CV13-01508-R (CWx)

## IV. DEFINITIONS

16.     Unless otherwise expressly provided herein, all terms used in this Consent Decree that are defined in CERCLA or in the regulations promulgated under CERCLA, shall have the meaning assigned to them in the statute or regulations.

17.     "Mr. Pinzon" shall mean Defendant Mario H. Pinzon.

18.     "Parties" shall mean Plaintiff State of California Department of Toxic Substances Control and Mario H. Pinzon.

19.     "Plaintiff" shall mean the State of California Department of Toxic Substances Control.

20.     "Response Costs" shall mean all costs of "removal", "remedial action", or "response" (as those terms are defined by section 101 of CERCLA, 42 U.S.C. section 9601), related to the release and/or threatened release of hazardous substances at, beneath, and/or from the Site, including in the soils and groundwater.

21.     The "Site" shall mean the property at 1527 East 32nd Street and 1531 East 32nd Street, Los Angeles, California 90011, identified by Los Angeles County Assessor's Parcel Numbers (APNs) 5117-001-008 and 5117-001-009, respectively ("Site"). For the purposes of this Consent Decree, the Site includes the vertical and areal extent of the hazardous substance contamination that is or has been present at, beneath, and/or from the Site.

## V. MR. PINZON'S SETTLEMENT OBLIGATIONS

22.     <u>Payments.</u>   Mr. Pinzon shall pay to Plaintiff the sum of five hundred thousand dollars ($500,000).

23.     The City of Los Angeles ("City") and Mr. Pinzon intend to enter into a purchase and sale agreement to transfer ownership of the real property constituting the Site from Mr. Pinzon to the City.  An escrow will be opened for the transaction transferring ownership of the Site from Mr. Pinzon to the City ("Escrow") and

CONSENT DECREE BETWEEN PLAINTIFF
AND DEFENDANT MARIO PINZON
Case No.: CV13-01508-R (CWx)

making the payments to Plaintiff required by this Consent Decree.  The City, after consultation with Plaintiff, will designate an escrow company responsible for the Escrow.

24.    All of the funding, distributions, and recording of instruments relating to the transfer of ownership of the real property constituting the Site from Mr. Pinzon to the City, Mr. Pinzon's payment of the amount required by paragraph 22, and Plaintiff's release of lien required by paragraph 27, will be handled through the Escrow.

25.    The payment by Mr. Pinzon required by paragraph 22 shall be made simultaneously with the closing of the Escrow.

26.    The payment required in paragraph 22 shall be made by certified check, cashier's check, or money order made payable to Cashier, California Department of Toxic Substances Control, and shall bear on its face both the docket number of this proceeding and the phrase "Site Code 301014."  The payments shall be sent to:

> Department of Toxic Substances Control
> Accounting/Cashier
> 1001 I Street
> P.O. Box 806
> Sacramento, CA  95812-0806

A copy of the check(s) shall be mailed to:

> Rania A. Zabaneh, Project Manager
> Brownfields and Environmental Restoration Branch
> Department of Toxic Substances Control
> 5796 Corporate Avenue
> Cypress, CA 90630

27.    Plaintiff will submit a signed conditional release of the lien (referenced in paragraph 4) on the real property constituting the Site, in substantially the form attached as Exhibit A, into the Escrow.  Plaintiff's release of lien can only be

1 recorded simultaneously with the closing of the Escrow and with payment of

2 $500,000 to Plaintiff as required by paragraph 22 of this Consent Decree.

3     28.    This Consent Decree is conditioned upon full payment to the Plaintiff

4 of the amount in paragraph 22, and the transfer of ownership of the Site from Mr.

5 Pinzon to the City.  If either of these conditions is not met, then this Consent

6 Decree shall be voidable at the discretion of either Plaintiff or Mr. Pinzon, and

7 Plaintiff may proceed to litigate the Complaint against Mr. Pinzon.

8     29.    Access and Institutional Controls.  Mr. Pinzon shall provide Plaintiff

9 and its representatives with access to the Site, for the purpose of conducting any

10 response activity relating to the Site.

11     30.    Nothing in this Consent Decree shall limit or alter the environmental

12 restrictive covenant recorded on the Site, referenced in paragraph 2.k.  A true and

13 correct copy of the environmental restrictive covenant recorded on the Site is

14 attached as Exhibit B.

15     31.    Nothing in this Consent Decree shall prevent Plaintiff from recording

16 an environmental restrictive covenant or a lien on the Site as permitted by law.

17 ## VI.  ACCESS TO INFORMATION

18     32.    Within thirty (30) calendar days of the Effective Date, Mr. Pinzon

19 shall provide to Plaintiff copies of any and all records, documents, and information

20 within his possession or control, or that of his agents, relating to: a) the ownership,

21 operation, or control of the Site; b) the ownership, generation, treatment,

22 transportation, or disposal of hazardous substances in connection with the Site; c)

23 releases and/or threatened releases of hazardous substances at, beneath, and/or from

24 the Site, including the soils and groundwater; or d) removal, remedial, or response

25 actions at the Site.

26     33.    If, after the Effective Date, Mr. Pinzon discovers or obtains any

27 records, documents, or information described in paragraph 32 of this Consent

28

8

CONSENT DECREE BETWEEN PLAINTIFF
AND DEFENDANT MARIO PINZON
Case No.: CV13-01508-R (CWx)

Decree not previously provided to Plaintiff, Mr. Pinzon agrees to provide Plaintiff with copies of the additional records, documents, or information within ten (10) calendar days of the date Mr. Pinzon discovers or obtains the records, documents, or information.

## VII.  COVENANT NOT TO SUE BY PLAINTIFF

34.   Except as expressly provided in Section VIII (Reservation of Rights) of this Consent Decree, Plaintiff covenants not to sue Mr. Pinzon pursuant to CERCLA, and the California Hazardous Substances Account Act ("HSAA"), California Health and Safety Code section 25300 et seq. to: (1) recover Plaintiff's Response Costs related to the Site; or (2) require Mr. Pinzon to conduct response actions, including removal or remedial actions in response to the release or threatened release of hazardous substances at the Site, including the soils and groundwater.  This covenant not to sue is conditioned upon the complete and satisfactory performance by Mr. Pinzon of all of his obligations under this Consent Decree.

## VIII.  RESERVATION OF RIGHTS

35.   Claims Regarding Other Matters.  Plaintiff reserves, and this Consent Decree is without prejudice to, all rights against Mr. Pinzon with respect to all matters not expressly included within Plaintiff's Covenant Not To Sue in Section VII.

36.   Reservation of Claims.  Plaintiff reserves, and this Consent Decree is without prejudice to, all rights against Mr. Pinzon with respect to:

  a.   Claims based on a failure of Mr. Pinzon to meet a requirement of this Consent Decree;

b.     Liability resulting from Mr. Pinzon's actions, after the Effective Date, exacerbating the release and/or threat of release of a hazardous substance from the Site;

c.     Liability resulting from Mr. Pinzon's failure, after the Effective Date, to exercise due care with respect to hazardous substances at the Site;

d.     Liability for damages for injury to, destruction of, or loss of natural resources, as defined in CERCLA section 101(6), 42 U.S.C. section 9601(6), including all costs incurred by any natural resources trustees;

e.     Liability arising from the past, present, or future disposal, release and/or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site; and

f.     Criminal liability.

37.    <u>Unknown Conditions/New Information.</u>  Notwithstanding any other provision in the Consent Decree, Plaintiff reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, and/or to issue an administrative order seeking to compel Mr. Pinzon to perform response activities at the Site and/or to pay Plaintiff for additional Response Costs, if:

a.     Either of the following occurs: (i) conditions at the Site, previously unknown to Plaintiff, are discovered, or (ii) information previously unknown to Plaintiff, is received, in whole or in part; and

b.     Plaintiff determines that the previously unknown conditions or new information together with other relevant information indicate that the response actions at the Site are not protective of human health or the environment.

38.    <u>Claims Against Other Persons.</u>  Plaintiff reserves, and this Consent Decree is without prejudice to, all rights, claims, and causes of action Plaintiff may

CONSENT DECREE BETWEEN PLAINTIFF
AND DEFENDANT MARIO PINZON
Case No.: CV13-01508-R (CWx)

have against any person other than Mr. Pinzon. Nothing in this Consent Decree is intended to be nor shall it be construed as a release, covenant not to sue, or compromise of any claim or cause of action, which Plaintiff may have against any person or other entity not a signatory to this Consent Decree.

39.     <u>Government Authority</u>.  Except as expressly provided in this Consent Decree, nothing in the Consent Decree is intended or shall be construed to preclude Plaintiff from exercising its authority under any law, statute, or regulation with respect to the Site.  Furthermore, except as expressly provided in this Consent Decree, nothing in this Consent Decree is intended, nor shall be construed, to preclude any state agency, department, board or entity, or any federal or local agency, department, board or entity, from exercising its authority under any law, statute, or regulation.

## IX.  COVENANT NOT TO SUE BY SETTLING DEFENDANTS

40.     Mr. Pinzon covenants not to sue, and agrees not to assert any claims or causes of action against Plaintiff or its contractors or employees that arise out of the transaction or occurrence that is the subject matter of Plaintiff's complaint, or for any injuries, losses, costs, or damages caused or incurred as a result of the performance of the requirements of this Consent Decree or Plaintiff's response actions at the Site.

## X.  CONTRIBUTION PROTECTION

41.     With regard to claims for contribution against Mr. Pinzon, Mr. Pinzon is entitled to contribution protection pursuant to section 113(f)(2) of CERCLA, 42 U.S.C. section 9613(f)(2), and by state statutory and common law for the "Matters Addressed" in this Consent Decree, except for actions and claims identified in Plaintiff's Reservation of Rights (Section VIII.)

42.     The "Matters Addressed" in this Consent Decree include: (1) all past and future Response Costs incurred by or on behalf of Plaintiff with respect to the

11

Site, including Plaintiff's oversight costs; (2) all past and future Response Costs that have been and/or may be incurred by or on behalf of any other person, including any past, present, or future Site owner or operator, with respect to the Site.

43. The contribution protection provided in this Section is conditioned upon Mr. Pinzon's full performance of his obligations under this Consent Decree.

44. Nothing in this Consent Decree limits or impairs the right of Plaintiff to pursue any other person for unrecovered Response Costs incurred by Plaintiff.

## XI. NOTIFICATION

45. Notification to or communication among the Parties as required or provided for in this Consent Decree shall be addressed as follows:

For Plaintiff:

> Rania A. Zabaneh, Project Manager
> Brownfields and Environmental Restoration Branch
> Department of Toxic Substances Control
> 5796 Corporate Avenue
> Cypress, CA 90630

For Defendant Mario H. Pinzon:

> Mario H. Pinzon
> 638 W 17th Street
> Upland, CA 91784-1944

## XII. GENERAL TERMS

46. <u>Parties Bound.</u> This Consent Decree shall apply to, be binding upon, and inure to the benefit of the Parties, and their representatives, successors, heirs, legatees, and assigns.

47. <u>No Waiver of Enforcement.</u> The failure of Plaintiff to enforce any provision of this Consent Decree shall in no way be deemed a waiver of such provision or in any way affect the validity of this Consent Decree. The failure of Plaintiff to enforce any such provision shall not preclude it from later enforcing the same or any other provision of this Consent Decree.

CONSENT DECREE BETWEEN PLAINTIFF
AND DEFENDANT MARIO PINZON
Case No.: CV13-01508-R (CWx)

48.    Costs.    Except as expressly provided in this Consent Decree, the Parties will not seek to recover attorneys' fees and/or litigation costs against each other.

49.    Modification of Consent Decree.    This Consent Decree may be modified only upon the written approval of the Parties and with the consent of the Court.

50.    Integration.    This Consent Decree constitutes the final, complete, and entire agreement between the Parties with respect to the settlement embodied in this Consent Decree.

51.    Lodging/Public Comment.    This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment.    Plaintiff shall file with the Court any written comments received and Plaintiff's responses thereto.    Plaintiff reserves the right to withdraw or withhold its consent if comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper, or inadequate. Mr. Pinzon consents to entry of this Consent Decree without further notice.

52.    If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the discretion of either Plaintiff or Mr. Pinzon, and the terms of the agreement may not be used as evidence in any litigation between the Parties.

53.    Effective Date.    The effective date of this Consent Decree shall be the date of entry of this Consent Decree by this Court.

54.    Counterparts.    This Consent Decree may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

55.    Signatories.    Each signatory to this Consent Decree certifies that he or she is fully authorized by the Party he or she represents to enter into this Consent

CONSENT DECREE BETWEEN PLAINTIFF
AND DEFENDANT MARIO PINZON
Case No.: CV13-01508-R (CWx)

Decree, to execute it on behalf of the Party represented and legally to bind that Party.

### XIII.  APPROVALS OF PARTIES

Plaintiff consents to this Consent Decree by its duly authorized representative as follows:

STATE OF CALIFORNIA DEPARTMENT
OF TOXIC SUBSTANCES CONTROL

Dated:_____     By: _____

John E. Scandura, Branch Chief
Brownfields and Environmental
Restoration Branch
California Department of
Toxic Substances Control

Mario H. Pinzon consents to this Consent Decree as follows:

Dated:_____     By:_____

MARIO H. PINZON

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated:_____     _____

HON. MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

LA2013508717

14    CONSENT DECREE BETWEEN PLAINTIFF
AND DEFENDANT MARIO PINZON
Case No.: CV13-01508-R (CWx)

1 Decree, to execute it on behalf of the Party represented and legally to bind that
2 Party.

3                          **XIII. APPROVALS OF PARTIES**

4        Plaintiff consents to this Consent Decree by its duly authorized representative
5 as follows:

6
7                                        STATE OF CALIFORNIA DEPARTMENT
                                         OF TOXIC SUBSTANCES CONTROL
8
9 Dated: Oct 23, 2013            By: _____
10                                       John E. Scandura, Branch Chief
                                         Brownfields and Environmental
11                                       Restoration Branch
                                         California Department of
12                                       Toxic Substances Control

13       Mario H. Pinzon consents to this Consent Decree as follows:
14
15
16 Dated:_____            By:_____
17                                       MARIO H. PINZON
18
19
20 **IT IS SO ORDERED, ADJUDGED, AND DECREED.**
21
22 Dated:_____            _____
23                                       HON. MANUEL L. REAL
24                                       UNITED STATES DISTRICT JUDGE
25 LA2013508717
26
27
28

                          14      CONSENT DECREE BETWEEN PLAINTIFF
                                  AND DEFENDANT MARIO PINZON
                                  Case No.: CV13-01508-R (CWx)

1    Decree, to execute it on behalf of the Party represented and legally to bind that
2    Party.

3                      **XIII.  APPROVALS OF PARTIES**
4         Plaintiff consents to this Consent Decree by its duly authorized representative
5    as follows:

6
7                              STATE OF CALIFORNIA DEPARTMENT
                               OF TOXIC SUBSTANCES CONTROL
8
9    Dated:_____       By: _____
10                                    John E. Scandura, Branch Chief
                                      Brownfields and Environmental
11                                    Restoration Branch
                                      California Department of
12                                    Toxic Substances Control

13
         Mario H. Pinzon consents to this Consent Decree as follows:
14

15
16   Dated: 10/23/13            By: _____
17                                    MARIO H. PINZON

18
19
20   **IT IS SO ORDERED, ADJUDGED, AND DECREED.**
21
22   Dated: 5/7/2014
23                                    _____
                                      HON. MANUEL L. REAL
24                                    UNITED STATES DISTRICT JUDGE
25   LA2013508717
26
27
28
                                14        CONSENT DECREE BETWEEN PLAINTIFF
                                          AND DEFENDANT MARIO PINZON
                                          Case No.: CV13-01508-R (CWx)

# EXHIBIT A

RECORDING REQUESTED BY

WHEN RECORDED MAIL TO

John E. Scandura
Regional Branch Chief
Brownfields and Environmental
Restoration Program
Attention: Rania Zabaneh,
Project Manager
Department of Toxic Substances Control
5796 Corporate Avenue
Cypress, California 90630

This lien is exempt from filing fees under California Government Code § 6103     SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

## RELEASE OF LIEN

The State of California Department of Toxic Substances Control hereby releases the lien recorded on October 21, 2011 in the Official Records of the County of Los Angeles, Document No. 20111429744, in the amount of $931,631.39, on the real property in the County of Los Angeles, State of California, located at 1527 East 32nd Street and/or 1531 East 32nd Street, Los Angeles, California 90011, and identified as Assessor Parcel 5117-001-008 and 5117-001-009, respectively, by the Los Angeles County Tax Assessor. This property is the site of a hazardous substance release. This real property is described as follows:

Lots 7 and 8 of the Hanson Tract, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 14, Page 34 of Maps, in the Los Angeles County Recorder's Office, being more particularly described as follows:

Beginning at the intersection of the Northeasterly Right-of-Way of 28th Street as shown on said map, said 28th Street being changed to 32nd Street by reference on said map, and the Northwesterly Right-of-Way of the Los Angeles Railway, said intersection also being the most Southerly corner of Said lot 8; thence along said Northwesterly Railway Right-of-Way, and the Southeasterly line of said Lot 8, North 26°03' East, 92.01' to a tangent curve concave Southwesterly having a Radius of 45 feet; thence Northerly and Northwesterly along said curve, said Railway Right-of-Way, and the Northeasterly lines of said Lots 8 and 7; through a central angle of 99°34'30", an arc length of 78.21 feet; thence, tangent to said curve, continuing along said Railway Right-of-Way, and the Northeasterly line of Lot 7, North 73°31 '30" West, 31.61 feet to the most Northerly corner of said Lot 7; thence, leaving said Railway Right-of-Way, along the Northwesterly line of said Lot 7, South 26°031 West, 142.84' to the most Westerly corner of said Lot 7 and the hereinabove described Northeasterly Right-of-Way of 28th Street; thence, along said Right-of-Way, and the Southwesterly line of Lots 7 and 8, South 71°55' East, 84.46' to the POINT OF BEGINNING.

Owner of Record as shown on the latest equalized assessment roll: Mario H. Pinzon

The undersigned has been duly authorized by the Department of Toxic Substances Control to execute this release.


Date:_____ _____

John E. Scandura

Brownfields and Environmental Restoration Branch




State of California                    )

County of _____)


On _____, before me, _____, Notary Public,

personally appeared _____, who proved to me

on the basis of satisfactory evidence to be the person(s) whose name(s) is/are

subscribed to the within instrument and acknowledged to me that he/she/they executed

the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s)

on the instrument the person(s), or the entity upon behalf of which the person(s) acted,

executed the instrument.


I certify under PENALTY OF PERJURY under the laws of the State of California that the

foregoing paragraph is true and correct.


WITNESS my hand and official seal.



_____

Signature of Notary Public                              (seal)

# EXHIBIT B




This page is part of your document - DO NOT DISCARD

## 20111422153





Pages:
0014

Recorded/Filed In Official Records
Recorder's Office, Los Angeles County,
California

**10/20/11 AT 11:35AM**

| | |
|---|---|
| FEES: | 0.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 0.00 |

RECORDING REQUESTED BY:

Mr. Mario Pinzón
638 W 17th ST
Upland, California 91784

WHEN RECORDED, MAIL TO:

Department of Toxic Substances Control
5796 Corporate Avenue
Cypress, California 90630
Attention: Rania A. Zabaneh,
Project Manager
Brownfields and Environmental
Restoration Program



10/20/2011

*20111422153*

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

## COVENANT TO RESTRICT USE OF PROPERTY

### ENVIRONMENTAL RESTRICTION

Re: County Assessor's Parcel Numbers APN 5117-001-008 and (APN) 5117-001-009 in
the County of Los Angeles, California, Former RENU Plating Company Facility, located
at 1527 and 1531 East 32nd Street, Los Angeles, California 90011 (Site Code 301014)

This Covenant and Agreement ("Covenant") is made by and between Mario Pinzón (the
"Covenantor"), the current owner of property identified as County Assessor's Parcel
Numbers (APN) 5117-001-008 (Lot7), located at 1527 East 32nd Street, Los Angeles,
California, and County Assessor's Parcel Number (APN) 5117-001-009 (Lot 8), located
at 1531 East 32nd Street, Los Angeles, California, County of Los Angeles, State of
California, described in Exhibit "A", attached hereto, (the "Property"), and the
Department of Toxic Substances Control (the "Department").  Pursuant to Civil Code
section 1471, the Department has determined that this Covenant is reasonably
necessary to protect present or future human health or safety or the environment as a

Page 1

result of the presence on the land of hazardous materials as defined in Health and Safety Code section 25260.  The Covenantor and the Department, collectively referred to as the "Parties," hereby agree, pursuant to Civil Code section 1471 and Health and Safety Code section 25355.5, that the use of the Property be restricted as set forth in this Covenant; and the Parties further agree that the Covenant shall conform with the requirements of California Code of Regulations, title 22, section 67391.1.

ARTICLE I

STATEMENT OF FACTS

1.01.   The Property is located in the area now generally bounded by Nevin Avenue Elementary School on the north and east, East 32nd Street on the south, and a vacant asphalt covered lot on the west.  The Property is generally described as Los Angeles County Assessor's Parcel Nos.: 5117-001-008 and 5117-001-009 (shown in Exhibit "B").

1.02.   The Property has been remediated pursuant to a Removal Action Workplan developed in accordance with Health and Safety Code, division 20, chapter 6.8 under the oversight of the Department.  The draft Removal Action Workplan and a Notice of Exemption prepared pursuant to the California Environmental Quality Act, Public Resources Code section 21000 et seq. were released for public review and comment and subsequently approved by the Department on August 27, 2009. The Removal Action Workplan requires a Land Use Covenant as part of the site remediation, because cadmium, copper, and nickel which are hazardous substances, as defined in Health and Safety Code section 25316, and hazardous materials as defined in Health and Safety Code section 25260, remain in the soil above the unrestricted cleanup levels at the Property.

1.03.   Due to the presence of cadmium, copper, and nickel in the soil, the Department has determined that this Covenant is necessary for the protection of human health or safety or the environment.  The Department has also determined that the

Property, as remediated, and subject to the restrictions of this Covenant, does not present an unacceptable threat to human health or safety or the environment.

## ARTICLE II
## DEFINITIONS

2.01.  Department. "Department" means the California Department of Toxic Substances Control and includes its successor agencies, if any.

2.02.  Environmental Restrictions. "Environmental Restrictions" means all protective provisions, covenants, restrictions, prohibitions, and terms and conditions as set forth in any section of this Covenant.

2.03.  Improvements. "Improvements" includes, but is not limited to: buildings, structures, roads, driveways, improved parking areas, wells, pipelines, or other utilities.

2.04.  Lease. "Lease" means lease, rental agreement, or any other document that creates a right to use or occupy any portion of the Property.

2.05.  Occupant. "Occupant" means Owners and any person or entity entitled by ownership, leasehold, or other legal relationship to the right to occupy any portion of the Property.

2.06.  Owner. "Owner" means the Covenantor, and all successors in interest including heirs and assigns, who at any time hold title to all or any portion of the Property.

## ARTICLE III
## GENERAL PROVISIONS

3.01.  Runs with the Land. This Covenant sets forth Environmental Restrictions

Page 3

that apply to and encumber the Property and every portion thereof no matter how it is improved, held, used, occupied, leased, sold, hypothecated, encumbered, or conveyed. This Covenant: (a) runs with the land pursuant to Health and Safety Code section 25355.5 and Civil Code section 1471; (b) inures to the benefit of and passes with each and every portion of the Property, (c) is for the benefit of, and is enforceable by the Department, and (d) is imposed upon the entire Property unless expressly stated as applicable only to a specific portion thereof.

3.02.  Binding upon Owners/Occupants. Pursuant to the Health and Safety Code, this Covenant binds all owners of the Property, their heirs, successors, and assignees, and the agents, employees, and lessees of the owners, heirs, successors, and assignees.  Pursuant to Civil Code section 1471, all successive owners of the Property are expressly bound hereby for the benefit of the Department.

3.03.  Incorporation into Deeds and Leases.  This Covenant shall be incorporated by reference in each and every deed and Lease for any portion of the Property.

3.04.  Conveyance of Property.  The Owner shall provide written notice to the Department not later than thirty (30) days after any conveyance of any ownership interest in the Property (excluding Leases, and mortgages, liens, and other non-possessory encumbrances). The written notice shall include the name and mailing address of the new owner of the Property and shall reference the site name and site code as listed on page one of this Covenant. The notice shall also include the Assessor's Parcel Number (APN) noted on page one. If the new owner's property has been assigned a different APN, each such APN that covers the Property must be provided.  The Department shall not, by reason of this Covenant, have authority to approve, disapprove, or otherwise affect proposed conveyance, except as otherwise provided by law or by administrative order.

3.05.  Costs of Administering the Covenant to be paid by Owner.  The Department has already incurred and will in the future incur costs associated with the

Page 4

administration of this Covenant.  Therefore, the Covenantor hereby covenants for the
Covenantor and for all subsequent Owners that, pursuant to California Code of
Regulations, title 22, section 67391.1(h), the Owner agrees to pay the Department's
costs in administering the Covenant.

ARTICLE IV

RESTRICTIONS AND REQUIREMENTS

4.01.  Prohibited Uses.  The Property shall only be used for commercial and
industrial purposes and shall not be used for any of the following purposes:

(a)     A residence, including any mobile home or factory built housing,
        constructed or installed for use as residential human habitation.

(b)     A hospital for humans.

(c)     A public or private school for persons under 21 years of age.

(d)     A day care center for children.

4.02.  Soil Management

(a)     No activities that will disturb the soil (e.g., excavation,
        grading, removal, trenching, filling, earth movement or
        mining) shall be allowed without a Soil Management Plan
        approved by the Department.

(b)     Any contaminated soils brought to the surface by grading,
        excavation, trenching or backfilling shall be managed in
        accordance with all applicable provisions of state and federal
        law.

4.03.  Access for Department. The Department shall have reasonable right of
entry and access to the Property for inspection, monitoring, and other activities
consistent with the purposes of this Covenant as deemed necessary by the Department
in order to protect the public health or safety, or the environment.

4.04.  Access for Implementing Operation and Maintenance.  The entity or person responsible for implementing any required operation and maintenance activities, shall have reasonable right of entry and access to the Property for the purpose of implementing such operation and maintenance activities until the Department determines that no further operation and maintenance is required.

4.05.  Inspection and Reporting Requirements. The Owner shall conduct an annual inspection of the Property verifying compliance with this Covenant, and shall submit an annual inspection report to the Department for its approval by October 15th of each year.  The annual inspection report must include the dates, times, and names of those who conducted the inspection and reviewed the annual inspection report.  It also shall describe how the observations were performed that were the basis for the statements and conclusions in the annual inspection report (e.g., drive by, fly over, walk in, etc.).  If violations are noted, the annual inspection report must detail the steps taken to return to compliance.  If the Owner identifies any violations of this Covenant during the annual inspections or at any other time, the Owner must within 10 days of identifying the violation: determine the identity of the party in violation, send a letter advising the party of the violation of the Covenant, and demand that the violation cease immediately.  Additionally, copies of any correspondence related to the violation of this Covenant shall be sent to the Department within 10 days of its original transmission.

ARTICLE V
ENFORCEMENT

5.01.  Enforcement.  Failure of the Owner or Occupant to comply with this Covenant shall be grounds for the Department to require modification or removal of any Improvements constructed or placed upon any portion of the Property in violation of this Covenant.  Violation of this Covenant, including but not limited to, failure to submit, or the submission of any false statement, record or report to the Department, shall be grounds for the Department to pursue administrative, civil, or criminal actions, as

Page 6

provided by law.

## ARTICLE VI
## VARIANCE, TERMINATION, AND TERM

6.01. <u>Variance</u>. Owner, or any other aggrieved person, may apply to the Department for a written variance from the provisions of this Covenant. Such application shall be made in accordance with Health and Safety Code section 25233.

6.02. <u>Termination or Partial Termination</u>. Owner, or any other aggrieved person, may apply to the Department for a termination or partial termination of one or more terms of this Covenant as they apply to all or any portion of the Property. Such application shall be made in accordance with Health and Safety Code section 25234.

6.03. <u>Term</u>. Unless ended in accordance with paragraph 6.02, by law, or by the Department in the exercise of its discretion, this Covenant shall continue in effect in perpetuity.

## ARTICLE VII
## MISCELLANEOUS

7.01. <u>No Dedication Intended</u>. Nothing set forth in this Covenant shall be construed to be a gift or dedication, or offer of a gift or dedication, of the Property, or any portion thereof to the general public or anyone else for any purpose whatsoever.

7.02. <u>Recordation</u>. The Covenantor shall record this Covenant, with all referenced Exhibits, in the County of Los Angeles within ten (10) days of the Covenantor's receipt of a fully executed original.

7.03. <u>Notices</u>. Whenever any person gives or serves any Notice ("Notice" as used herein includes any demand or other communication with respect to this

Covenant), each such Notice shall be in writing and shall be deemed effective: (1) when delivered, if personally delivered to the person being served or to an officer of a corporate party being served, or (2) three (3) business days after deposit in the mail, if mailed by United States mail, postage paid, certified, return receipt requested:

To Owner:         Mr. Mario Pinzón
                      638 W 17th ST
                      Upland, California 91784

                      Or To: (Name and address of any new owner as identified to the Department under paragraph 3.04 of this Covenant.)

To Department:    Ms. Rania A. Zabaneh
                      Project Manager
                      Department of Toxic Substances Control
                      5796 Corporate Avenue
                      Cypress, CA 90630

Any party may change its address or the individual to whose attention a Notice is to be sent by giving written Notice in compliance with this paragraph.

7.04. _Partial Invalidity_. If this Covenant or any of its terms are determined by a court of competent jurisdiction to be invalid for any reason, the surviving portions of this Covenant shall remain in full force and effect as if such portion found invalid had not been included herein.

7.05. _Statutory References_. All statutory references include successor provisions.

7.06. _Incorporation of Attachments_. All attachments and exhibits to this

Covenant are incorporated herein by reference.

IN WITNESS WHEREOF, the Parties execute this Covenant.

Covenantor:

_____     Date  8/23/11
Mario Pinzón

_____     _____


Department of Toxic Substances Control:

By: _____     9/2/11
Rania A. Zabaneh, Project Manager     Date_____
  Brownfields and Environmental Restoration Program

# ACKNOWLEDGMENT

State of California
County of _____ LoS ANGELES )

On AUGUST 23rd, 2011 before me, JORGE R TORREJON, NOTARY PUBLIC
_____ (insert name and title of the officer)

personally appeared _____ MARIO PINZON _____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

JORGE R. TORREJON
COMM. #1772753
NOTARY PUBLIC · CALIFORNIA
LOS ANGELES COUNTY
COMM. EXPIRES OCT 12, 2011

# ACKNOWLEDGMENT

State of California
County of _Orange_____ )

On ~~Fri~~ Sept. 2, 2011_____ before me, _Lisa Twarog Notary Public_
                                            (insert name and title of the officer)

personally appeared _Rania Adib Zabaneh_____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.



Signature _Lisa Twarog_____        (Seal)

LISA TWAROG
COMM. #1847105
NOTARY PUBLIC ·CALIFORNIA
ORANGE COUNTY
My Comm. Expires May 1, 2013

LISA TWAROG
COMM. #1847105
NOTARY PUBLIC ·CALIFORNIA
ORANGE COUNTY
My Comm. Expires May 1, 2013

EXHIBIT "A"
## LEGAL DESCRIPTION OF RENU FACILITY
### IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES
### STATE OF CALIFORNIA

A parcel of land in the City of Los Angeles, County of Los Angeles, State of California being all of lots 7 and 8 of the Hannon Tract as per map filed in Book 14, page 34 of Maps in the Office of the County Recorder of said County being more particularly described as follows:

BEGINNING at the Intersection of the Northeasterly Right-of-Way of 28th Street as shown on said map, said 28th Street being changed to 32nd Street by reference on said map, and the Northwesterly Right-of-Way of the Los Angeles Railway, said intersection also being the most Southerly corner of Said lot 8;

thence along said Northwesterly Railway Right-of-Way, and the Southeasterly line of said Lot 8, North 26°03' East, 92.01' to a tangent curve concave Southwesterly having a Radius of 45 feet;

thence Northerly and Northwesterly along said curve, said Railway Right-of-Way, and the Northeasterly lines of said Lots 8 and 7; through a central angle of 99°34'30", an arc length of 78.21 feet;

thence, tangent to said curve, continuing along said Railway Right-of-Way, and the Northeasterly line of Lot 7, North 73°31'30" West, 31.61 feet to the most Northerly corner of said Lot 7;

thence, leaving said Railway Right-of-Way, along the Northwesterly line of said Lot 7, South 26°03' West, 142.84' to the most Westerly corner of said Lot 7 and the hereinabove described Northeasterly Right-of-Way of 28th Street;

thence, along said Right-of-Way, and the Southwesterly line of Lots 7 and 8, South 71°55' East, 84.46' to the POINT OF BEGINNING.

The hereinabove described parcel of land containing 11,414.26 square feet, more or less.

I hereby state that the foregoing legal description was prepared by me or under my direct supervision on December 7, 2009.

Bruce F. Hunsaker, PLS 5921

LICENSED LAND SURVEYOR
BRUCE F. HUNSAKER
NO. 5921
EXP. 12/31/10
STATE OF CALIFORNIA

December 7, 2009
ERRG – RENU Site
13111-101-052



## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    STATE OF CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES
              CONTROL v. RENU PLATING COMPANY, et al.

Case No.:     CV13-01508-R (CWx)

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the
California State Bar, at which member's direction this service is made. I am 18 years of age or
older and not a party to this matter; my business address is 300 South Spring Street, Suite 1702,
Los Angeles, CA 90013.

On <u>October 29, 2013</u>, I served the attached:

**[PROPOSED] CONSENT DECREE BETWEEN PLAINTIFF AND DEFENDANT
MARIO H. PINZON**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid,
in the United States Mail at Los Angeles, California, addressed as follows:

William Morrison                    Mario Pinzon
4707 Brently Place                  638 W. 17th Street
Las Vegas, NV 89122                 Upland, CA 91784

I declare under penalty of perjury under the laws of the State of California the foregoing is true
and correct and that this declaration was executed on October 29, 2013, at Los Angeles,
California.

_____           _____
    Blanca Cabrera                           Signature
      Declarant

LA2013508717
51394066.doc