KAMALA D. HARRIS
Attorney General of California
SALLY MAGNANI
Senior Assistant Attorney General
SARAH E. MORRISON
Supervising Deputy Attorney General
State Bar No. 143459
  300 South Spring Street, Suite 1702
  Los Angeles, CA 90013
  Telephone: (213) 897-2640
  Fax: (213) 897-2802
  E-mail: Sarah.Morrison@doj.ca.gov

*Attorneys for Plaintiff*
*Department of Toxic Substances Control*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>RENU PLATING COMPANY, INC., ET AL.,<br><br>　　　　　　　　　Defendants. | Case No. CV13-01508-R (CWx)<br><br>[PROPOSED] CONSENT DECREE BETWEEN PLAINTIFF AND DEFENDANTS WILLIAM D. MORRISON AND WILLIAM D. MORRISON TRUST<br><br>Courtroom: 8<br>Judge:　　Hon. Manuel L. Real<br>Trial Date:　October 28, 2014<br>Action Filed: March 1, 2013 |

## INTRODUCTION

1. Plaintiff the State of California Department of Toxic Substances Control ("Department") filed a complaint in the above-captioned action ("Complaint") pursuant to section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 et seq. ("CERCLA"), against several parties, including defendants William D. Morrison and the William D. Morrison Trust (collectively referred to as "Mr. Morrison"). In the Complaint, the Department seeks the recovery of response costs incurred or to be incurred by the Department in responding to releases and/or threatened releases of hazardous substances at or from the properties located at 1527 East 32nd Street and 1531 East 32nd Street, Los Angeles, California 90011, identified by Los Angeles County Assessor's Parcel Numbers ("APNs") 5117-001-008 and 5117-001-009, respectively (collectively referred to as "Site"), pursuant to CERCLA section 107(a), 42 U.S.C. § 9607(a). The Department also seeks declaratory relief under CERCLA section 113(g)(2), 42 U.S.C. § 9613(g)(2), alleging that the defendants are jointly and severally liable for future response costs to be incurred by the Department with respect to the Site.

2. In the Complaint, the Department alleges, in relevant part, that:

   a. From approximately 1955 to 1984, a metal plating facility operated on the Site. Metal plating operations included the use of acids, solvents, metals, and cyanide.

   b. As a result of the plating operations at the Site, hazardous substances have been, and continue to be, released and/or threatened to be released, into the soil at, beneath, and/or from the Site.

   c. In 1984, Los Angeles County ("County") investigated releases of hazardous substances at the Site. The County took soil samples that revealed the presence of hazardous substances in the surface and subsurface

soil at the Site, including, but not limited to, cadmium, chromium, copper, lead, nickel, zinc, and cyanide.

  d. After certain defendants failed to comply with the County's directives to address the hazardous substances on the Site, the County referred the Site to the Department.

  e. Mr. Morrison owned a portion of the Site from approximately 1986 to 2000.

  f. On June 28, 2001, the Department issued an Imminent and Substantial Endangerment Order ("ISE Order") directing the defendants, including Mr. Morrison, to investigate and remediate the release and/or threatened release of hazardous substances at or from the Site.

  g. The defendants, including Mr. Morrison, failed to complete the investigation and removal of releases and/or threatened releases of hazardous substances at or from the Site as required by the ISE Order.

  h. In 2004, the Department conducted an investigation of the releases and/or threatened releases of hazardous substances in the soil at the Site. The Department's investigation of the Site revealed the presence of hazardous substances at the Site, including, but not limited to, cadmium, copper, lead, nickel, zinc, and cyanide in the soil; and tetrachloroethene ("PCE") and trichloroethylene ("TCE") in the soil gas at the Site.

  i. In 2009, the Department completed a remedial investigation determining the nature and extent of the contamination at the Site.

  j. The Department approved a removal action workplan and conducted a removal action at the Site to remove a building, and excavate and remove contaminated soil.

   k. The Department directed the current landowner to record a covenant to restrict the use of property, because some contaminated soil is still present and the Site is unacceptable for unrestricted use.

 3. The Department's response actions were necessary to remove and remedy the hazardous substances released and/or threatened to be release at and from the Site. The Department's response actions include, but are not limited to, the following activities: investigation; removal/remediation actions; enforcement/cost recovery; oversight; public participation; and compliance with the California Environmental Quality Act. The Department's response actions were not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

 4. As of September 30, 2013, the Department's unreimbursed response costs related to the Site exceed $1 million. The Department will continue to incur response costs related to the Site, including the Department's enforcement costs to litigate the Complaint.

 5. The Department contends that Mr. Morrison is a responsible party pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), and is jointly and severally liable under CERCLA for response costs incurred and to be incurred by the Department at the Site.

 6. Mr. Morrison filed an answer to the complaint on June 25, 2013.

 7. The Department has reviewed the financial information submitted by Mr. Morrison to determine whether Mr. Morrison is financially able to pay response costs incurred and to be incurred at the Site. Based upon this financial information, the Department has determined that Mr. Morrison has limited financial ability to pay for response costs incurred and to be incurred at the Site. Mr. Morrison certifies that the financial information he provided to the Department is true and correct. In entering into this settlement, the Department relies on the financial information provided by Mr. Morrison.

8. The Department and Mr. Morrison ("the Parties") agree and this Court, by entering this Consent Decree, finds that this Consent Decree has been negotiated by the Parties in good faith, the settlement of this matter will avoid prolonged and complicated litigation, and that this Consent Decree is fair, reasonable, in the public interest, and consistent with the purpose of CERCLA.

**THEREFORE**, the Court, with the consent of the Parties to this Consent Decree, hereby **ORDERS, ADJUDGES, and DECREES**, as follows:

## I. JURISDICTION

9. The Court has subject matter jurisdiction over the matters alleged in the Complaint pursuant to 28 U.S.C. § 1331 and CERCLA section 113(b), 42 U.S.C. § 9613(b), and the Court has personal jurisdiction over each of the Parties.

10. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) and CERCLA section 113(b), 42 U.S.C. § 9613(b) because the claims asserted in the Complaint and the releases and/or threatened releases of hazardous substances occurred in this judicial district.

11. Mr. Morrison waives all objections and defenses that he may have to the jurisdiction of the Court or venue in the above-captioned action. Mr. Morrison agrees not to challenge this Court's jurisdiction to enter and enforce this Consent Decree.

12. The Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree until the requirements of this Consent Decree have been fully satisfied.

## III. SETTLEMENT OF DISPUTED CLAIMS

13. This Consent Decree resolves the Department's claims against Mr. Morrison in the above-captioned action under section 107 of CERCLA, 42 U.S.C. § 9607. The Department agrees to settlement of Mr. Morrison's liability in this action in exchange for consideration from Mr. Morrison, including payment by Mr.

Morrison to reimburse a portion of the Department's response costs incurred and to be incurred by the Department at or in connection with releases and/or threatened releases of hazardous substances at, beneath, and/or from the Site.

14. Except as otherwise expressly provided in this Consent Decree, this Consent Decree shall not prejudice, waive, or impair any right, remedy or defense that Mr. Morrison may have in any other or further legal proceeding.

15. The Parties consent to, and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

16. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between the Department and Mr. Morrison.

## IV. DEFINITIONS

17. Unless otherwise expressly provided herein, all terms used in this Consent Decree that are defined in CERCLA or in the regulations promulgated under CERCLA, shall have the meaning assigned to them in the statute or regulations.

18. "Department" shall mean the State of California Department of Toxic Substances Control.

19. "Effective Date" shall mean the date of entry of this Consent Decree by this Court.

20. "Mr. Morrison" shall mean Defendants William D. Morrison and the William D. Morrison Trust.

21. "Parties" shall mean Plaintiff State of California Department of Toxic Substances Control and Defendants William D. Morrison and the William Morrison Trust.

22. "Response Costs" shall mean all costs of "removal", "remedial action", or "response" (as those terms are defined by section 101 of CERCLA, 42

U.S.C. § 9601), related to the release and/or threatened release of hazardous substances at, beneath, and/or from the Site, including in the soils and groundwater.

23. The "Site" shall mean the property at 1527 East 32nd Street and 1531 East 32nd Street, Los Angeles, California 90011, identified by Los Angeles County Assessor's Parcel Numbers (APNs) 5117-001-008 and 5117-001-009, respectively ("Site"). For the purposes of this Consent Decree, the Site includes the vertical and areal extent of the hazardous substance contamination that is or has been present at, beneath, and/or from the Site.

## V. MR. MORRISON'S SETTLEMENT OBLIGATIONS

24. <u>Payment.</u> Mr. Morrison shall pay to the Department the sum of twenty thousand dollars ($20,000). The payment shall be due thirty (30) days following the Effective Date of the Consent Decree.

25. The payment required in paragraph 24 shall be made by certified check, cashier's check, or money order made payable to Cashier, California Department of Toxic Substances Control, and shall bear on its face both the docket number of this proceeding and the phrase "Site Code 301014." The payments shall be sent to:

> Department of Toxic Substances Control
> Accounting/Cashier
> 1001 I Street
> P.O. Box 806
> Sacramento, CA 95812-0806

A copy of the check(s) shall be mailed to:

> Rania A. Zabaneh, Project Manager
> Brownfields and Environmental Restoration Branch
> Department of Toxic Substances Control
> 5796 Corporate Avenue
> Cypress, CA 90630

26. This Consent Decree is conditioned upon full payment to the Department of the amount in paragraph 24. If this condition is not met, then this

Consent Decree shall be voidable at the discretion of the Department, and the Department may proceed to litigate the Complaint against Mr. Morrison.

## VI. ACCESS TO INFORMATION

27. Within thirty (30) days of the Effective Date of this Consent Decree, Mr. Morrison shall provide to the Department copies of any and all records, documents, and information within his possession or control, or that of his agents, relating to: a) the ownership, operation, or control of the Site; b) the ownership, generation, treatment, transportation, or disposal of hazardous substances in connection with the Site; c) releases and/or threatened releases of hazardous substances at, beneath, and/or from the Site, including the soils and groundwater; or d) removal, remedial, or response actions at the Site.

28. If, after the Effective Date of this Consent Decree, Mr. Morrison discovers or obtains any records, documents, or information described in paragraph 27 of this Consent Decree not previously provided to the Department, Mr. Morrison agrees to provide the Department with copies of the additional records, documents, or information within ten (10) calendar days of the date Mr. Morrison discovers or obtains the records, documents, or information.

## VII. COVENANT NOT TO SUE BY DEPARTMENT

29. Except as expressly provided in Section VIII (Reservation of Rights) of this Consent Decree, the Department covenants not to sue Mr. Morrison pursuant to CERCLA, and the California Hazardous Substances Account Act ("HSAA"), California Health and Safety Code section 25300 et seq. to: (1) recover the Department's Response Costs related to the Site; or (2) require Mr. Morrison to conduct response actions, including removal or remedial actions in response to the release or threatened release of hazardous substances at the Site, including the soils and groundwater. This covenant not to sue is conditioned upon the complete and

satisfactory performance by Mr. Morrison of all of his obligations under this Consent Decree.

## VIII. RESERVATION OF RIGHTS

30. <u>Claims Regarding Other Matters</u>. The Department reserves, and this Consent Decree is without prejudice to, all rights against Mr. Morrison with respect to all matters not expressly included within the Department's Covenant Not To Sue in Section VII.

31. <u>Reservation of Claims</u>. The Department reserves, and this Consent Decree is without prejudice to, all rights against Mr. Morrison with respect to:

    a. Claims based on a failure of Mr. Morrison to meet a requirement of this Consent Decree;

    b. Liability resulting from Mr. Morrison's actions, after the Effective Date, exacerbating the release and/or threat of release of a hazardous substance from the Site;

    c. Liability resulting from Mr. Morrison's failure, after the Effective Date, to exercise due care with respect to hazardous substances at the Site;

    d. Liability for damages for injury to, destruction of, or loss of natural resources, as defined in CERCLA section 101(6), 42 U.S.C. § 9601(6), including all costs incurred by any natural resources trustees;

    e. Liability arising from the past, present, or future disposal, release and/or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site; and

    f. Criminal liability.

32. <u>Unknown Conditions/New Information</u>. Notwithstanding any other provision in the Consent Decree, the Department reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new

action, and/or to issue an administrative order seeking to compel Mr. Morrison to perform response activities at the Site and/or to pay the Department for additional Response Costs, if:

    a. Either of the following occurs: (i) conditions at the Site, previously unknown to the Department, are discovered, or (ii) information previously unknown to the Department, is received, in whole or in part; and

    b. The Department determines that the previously unknown conditions or new information together with other relevant information indicate that the response actions at the Site are not protective of human health or the environment.

33. <u>Financial Information.</u> Notwithstanding any other provision in the Consent Decree, the Department reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, and/or to issue an administrative order seeking to compel Mr. Morrison to perform response activities at the Site and/or to pay the Department for additional response costs, if the financial information provided by Mr. Morrison or the financial certification made by Mr. Morrison in paragraph 7 of this Consent Decree, is false or, in any material respect, inaccurate.

34. <u>Claims Against Other Persons</u>. The Department reserves, and this Consent Decree is without prejudice to, all rights, claims, and causes of action Department may have against any person other than Mr. Morrison. Nothing in this Consent Decree is intended to be nor shall it be construed as a release, covenant not to sue, or compromise of any claim or cause of action, which the Department may have against any person or other entity not a signatory to this Consent Decree.

35. <u>Government Authority</u>. Except as expressly provided in this Consent Decree, nothing in the Consent Decree is intended or shall be construed to preclude the Department from exercising its authority under any law, statute, or regulation

with respect to the Site. Furthermore, except as expressly provided in this Consent Decree, nothing in this Consent Decree is intended, nor shall be construed, to preclude any state agency, department, board or entity, or any federal or local agency, department, board or entity, from exercising its authority under any law, statute, or regulation.

## IX. COVENANT NOT TO SUE BY SETTLING DEFENDANTS

36. Mr. Morrison covenants not to sue, and agrees not to assert any claims or causes of action against the Department or its contractors or employees that arise out of the transaction or occurrence that is the subject matter of the Department's complaint, or for any injuries, losses, costs, or damages caused or incurred as a result of the performance of the requirements of this Consent Decree or the Department's response actions at the Site.

## X. CONTRIBUTION PROTECTION

37. With regard to claims for contribution against Mr. Morrison, Mr. Morrison is entitled to contribution protection pursuant to section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and by state statutory and common law for the "Matters Addressed" in this Consent Decree, except for actions and claims identified in the Department's Reservation of Rights (Section VIII.)

38. The "Matters Addressed" in this Consent Decree include: (1) all past and future Response Costs incurred by or on behalf of the Department with respect to the Site, including the Department's oversight costs; (2) all past and future Response Costs that have been and/or may be incurred by or on behalf of any other person, including any past, present, or future Site owner or operator, with respect to the Site.

39. The contribution protection provided in this Section is conditioned upon Mr. Morrison's full performance of his obligations under this Consent Decree.

11

CONSENT DECREE BETWEEN PLAINTIFF
AND MORRISON DEFENDANTS
Case No.: CV13-01508-R (CWx)

40. Nothing in this Consent Decree limits or impairs the right of the Department to pursue any other person for unrecovered Response Costs incurred by the Department.

## XI. NOTIFICATION

41. Notification to or communication among the Parties as required or provided for in this Consent Decree shall be addressed as follows:

For the Department:

> Rania A. Zabaneh, Project Manager
> Brownfields and Environmental Restoration Branch
> Department of Toxic Substances Control
> 5796 Corporate Avenue
> Cypress, CA 90630

For Defendants William D. Morrison and the William D. Morrison Trust:

> William D. Morrison
> P.O. Box 208
> Las Vegas, Nevada 89125

## XII. GENERAL TERMS

42. <u>Parties Bound.</u> This Consent Decree shall apply to, be binding upon, and inure to the benefit of the Parties, and their representatives, successors, heirs, legatees, and assigns.

43. <u>No Waiver of Enforcement.</u> The failure of the Department to enforce any provision of this Consent Decree shall in no way be deemed a waiver of such provision or in any way affect the validity of this Consent Decree. The failure of the Department to enforce any such provision shall not preclude it from later enforcing the same or any other provision of this Consent Decree.

44. <u>Costs.</u> Except as expressly provided in this Consent Decree, the Parties will not seek to recover attorneys' fees and/or litigation costs against each other.

45. <u>Modification of Consent Decree.</u> This Consent Decree may be modified only upon the written approval of the Parties and with the consent of the Court.

46. <u>Integration.</u> This Consent Decree constitutes the final, complete, and entire agreement between the Parties with respect to the settlement embodied in this Consent Decree.

47. <u>Lodging/Public Comment.</u> This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment. The Department shall file with the Court any written comments received and the Department's responses thereto. The Department reserves the right to withdraw or withhold its consent if comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper, or inadequate. Mr. Morrison consents to entry of this Consent Decree without further notice.

48. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the discretion of either the Department or Mr. Morrison, and the terms of the agreement may not be used as evidence in any litigation between the Parties.

49. <u>Counterparts.</u> This Consent Decree may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

50. <u>Signatories.</u> Each signatory to this Consent Decree certifies that he or she is fully authorized by the Party he or she represents to enter into this Consent Decree, to execute it on behalf of the Party represented and legally to bind that Party.

## XIII. APPROVALS OF PARTIES

The Department consents to this Consent Decree by its duly authorized representative as follows:

STATE OF CALIFORNIA DEPARTMENT
OF TOXIC SUBSTANCES CONTROL

Dated: April 28, 2014            By: _____
                                 JOHN E. SCANDURA, Branch Chief
                                 Brownfields and Environmental
                                 Restoration Branch
                                 California Department of
                                 Toxic Substances Control

William D. Morrison consents to this Consent Decree as follows:

Dated:_____          By:_____
                                 WILLIAM D. MORRISON

William D. Morrison Trust consents to this Consent Decree as follows:

Dated:_____          By:_____
                                 WILLIAM D. MORRISON, Trustee
                                 of William D. Morrison Trust

IT IS SO ORDERED, ADJUDGED, AND DECREED.

Dated:_____          _____
                                 HON. MANUEL L. REAL
                                 UNITED STATES DISTRICT JUDGE

## XIII. APPROVALS OF PARTIES

The Department consents to this Consent Decree by its duly authorized representative as follows:

STATE OF CALIFORNIA DEPARTMENT
OF TOXIC SUBSTANCES CONTROL

Dated: _____  By: _____
JOHN E. SCANDURA, Branch Chief
Brownfields and Environmental
Restoration Branch
California Department of
Toxic Substances Control

William D. Morrison consents to this Consent Decree as follows:

Dated: 4-23-14  By: /s/ William D Morrison
WILLIAM D. MORRISON

William D. Morrison Trust consents to this Consent Decree as follows:

Dated: 4-23-14  By: /s/ William D Morrison Trustee
WILLIAM D. MORRISON, Trustee
of William D. Morrison Trust

IT IS SO ORDERED, ADJUDGED, AND DECREED.

Dated: September 2, 2014

_____
HON. MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

14

CONSENT DECREE BETWEEN PLAINTIFF
AND MORRISON DEFENDANTS
Case No.: CV13-01508-R (CWx)