KAMALA D. HARRIS
Attorney General of California
SALLY MAGNANI
Senior Assistant Attorney General
SARAH E. MORRISON
Supervising Deputy Attorney General
MEGAN K. HEY
State Bar No. 232345
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 897-2611
  Fax:  (213) 897-2802
  E-mail:  Megan.Hey@doj.ca.gov

*Attorneys for Plaintiff*
*Department of Toxic Substances Control*

JS-6

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL, <br><br> Plaintiff, <br><br> v. <br><br> RENU PLATING COMPANY, INC., ET AL., <br><br> Defendants. | Case No.  CV13-01508-R (CWx) <br><br> **CONSENT DECREE BETWEEN PLAINTIFF AND DEFENDANTS ERIC R. LICHTBACH, DAVID A. LICHTBACH, AND RENU PLATING COMPANY, INC.** <br><br> Courtroom:    8 <br> Judge:        Hon. Manuel L. Real <br><br> Trial Date:   December 30, 2014 <br> Action Filed: March 1, 2013 |

1

**INTRODUCTION**

2      1.      Plaintiff the State of California Department of Toxic Substances

3   Control ("Department") filed a complaint in the above-captioned action

4   ("Complaint") pursuant to section 107(a) of the Comprehensive Environmental

5   Response, Compensation, and Liability Act, 42 U.S.C. § 9601 et seq.

6   ("CERCLA"), against several parties, including defendants David A. Lichtbach,

7   Eric R. Lichtbach, and Renu Plating Company, Inc. (collectively referred to as

8   "Settling Defendants").  In the Complaint, the Department seeks the recovery of

9   response costs incurred or to be incurred by the Department in responding to

10   releases and/or threatened releases of hazardous substances at or from the properties

11   located at 1527 East 32nd Street and 1531 East 32nd Street, Los Angeles,

12   California 90011, identified by Los Angeles County Assessor's Parcel Numbers

13   ("APNs") 5117-001-008 and 5117-001-009, respectively ( "Site"), pursuant to

14   CERCLA section 107(a), 42 U.S.C. § 9607(a).  The Department also seeks

15   declaratory relief under CERCLA section 113(g)(2), 42 U.S.C. § 9613(g)(2),

16   alleging that the defendants are jointly and severally liable for future response costs

17   to be incurred by the Department with respect to the Site.

18      2.      In the Complaint, the Department alleges, in relevant part, that:

19          a.      From approximately 1955 to 1984, metal plating operations

20      were conducted on the Site.

21          b.      Defendant Renu Plating Company, Inc. ("Renu") operated a

22      metal plating facility on the Site from 1972 to 1984.

23          c.      Eric R. Lichtbach owned the Site, or a portion of the Site, from

24      approximately 1980 to 1986.  Eric R. Lichtbach and David A. Lichtbach

25      operated a metal plating facility at the Site from approximately 1980 to 1984.

26          d.      Metal plating operations at the Site included the use of acids,

27      solvents, metals, and cyanide.

28

CONSENT DECREE BETWEEN PLAINTIFF
AND  LICHTBACHS
Case No.: CV13-01508-R (CWx)

e.     As a result of the metal plating operations at the Site, hazardous substances have been, and continue to be, released and/or threatened to be released, into the soil at, beneath, and/or from the Site.

f.     In 1984, Los Angeles County ("County") investigated releases of hazardous substances at the Site.  The County took soil samples that revealed the presence of hazardous substances in the surface and subsurface soil at the Site, including, but not limited to, cadmium, chromium, copper, lead, nickel, zinc, and cyanide.

g.     In 1994, the County referred the Site to the Department after the defendants failed to comply with the County's directives to address the hazardous substances released and/or threatened to be released, into the soil at, beneath, and/or from the Site.

h.     On June 28, 2001, the Department issued an Imminent and Substantial Endangerment Order ("ISE Order") directing the defendants, including Settling Defendants, to investigate and remediate the release and/or threatened release of hazardous substances at or from the Site.

i.     The defendants, including Settling Defendants, failed to complete the investigation and removal of releases and/or threatened releases of hazardous substances at or from the Site as required by the ISE Order.

j.     In 2004, the Department conducted an investigation of the releases and/or threatened releases of hazardous substances in the soil at the Site.  The Department's investigation of the Site revealed the presence of hazardous substances at the Site, including, but not limited to, cadmium, copper, lead, nickel, zinc, and cyanide in the soil; and tetrachloroethene ("PCE") and trichloroethylene ("TCE") in the soil gas at the Site.

k.     In 2009, the Department completed a remedial investigation determining the nature and extent of the contamination at the Site.

CONSENT DECREE BETWEEN PLAINTIFF
AND  LICHTBACHS
Case No.: CV13-01508-R (CWx)

l.      The Department approved a removal action workplan and conducted a removal action at the Site to remove a building, and excavate and remove contaminated soil.

m.      In 2011, the Department directed Defendant Mario Pinzon, the current owner of the Site, to record a covenant to restrict the use of property, because some contaminated soil is still present and the Site is unacceptable for unrestricted use.

3.      The Department conducted response actions at the Site to investigate and remedy the hazardous substances released and/or threatened to be released at and from the Site.  The Department's response actions include, but are not limited to, the following activities: site investigation; removal/remediation actions; enforcement/cost recovery; oversight; public participation; and compliance with the California Environmental Quality Act.  The Department's response actions were not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

4.      As of September 30, 2013, the Department's response costs related to the Site exceeded $1 million.  The Department continues to incur response costs related to the Site, including the Department's enforcement costs to litigate the Complaint.

5.      The Department contends that each of the Settling Defendants is a responsible party pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), and that each is jointly and severally liable under CERCLA for response costs incurred and to be incurred by the Department at the Site.

6.      Settling Defendants filed an answer to the Complaint on June 14, 2013, and an amended answer on June 28, 2013.

7.      The Department and Settling Defendants ("the Parties") agree and this Court, by entering this Consent Decree, finds that this Consent Decree has been negotiated by the Parties in good faith, the settlement of this matter will avoid

CONSENT DECREE BETWEEN PLAINTIFF
AND  LICHTBACHS
Case No.: CV13-01508-R (CWx)

prolonged and complicated litigation, and that this Consent Decree is fair, reasonable, in the public interest, and consistent with the purpose of CERCLA.

**THEREFORE**, the Court, with the consent of the Parties to this Consent Decree, hereby **ORDERS, ADJUDGES, and DECREES**, as follows:

## I.  JURISDICTION

8.     The Court has subject matter jurisdiction over the matters alleged in the Complaint pursuant to 28 U.S.C. § 1331 and CERCLA section 113(b), 42 U.S.C. § 9613(b), and the Court has personal jurisdiction over each of the Parties.

9.     Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) and CERCLA section 113(b), 42 U.S.C. § 9613(b) because the claims asserted in the Complaint and the releases and/or threatened releases of hazardous substances occurred in this judicial district.

10.     Settling Defendants waive all objections and defenses that they may have to the jurisdiction of the Court or venue in the above-captioned action.  They agree not to challenge this Court's jurisdiction to enter and enforce this Consent Decree.

11.     The Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree until the requirements of this Consent Decree have been fully satisfied.


## III.  SETTLEMENT OF DISPUTED CLAIMS

12.     This Consent Decree resolves the Department's claims against Settling Defendants in the above-captioned action under section 107 of CERCLA, 42 U.S.C. § 9607.  The Department agrees to settlement of Settling Defendants' liability in this action in exchange for consideration, including payment by Settling Defendants to reimburse a portion of the Department's response costs incurred and

CONSENT DECREE BETWEEN PLAINTIFF
AND  LICHTBACHS
Case No.: CV13-01508-R (CWx)

1  to be incurred by the Department at or in connection with releases and/or threatened

2  releases of hazardous substances at, beneath, and/or from the Site.

3      13.    Except as otherwise expressly provided in this Consent Decree, this

4  Consent Decree shall not prejudice, waive, or impair any right, remedy, or defense

5  that Settling Defendants may have in any other or further legal proceeding.

6      14.    The Parties consent to, and shall not challenge entry of this Consent

7  Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

8      15.    Upon approval and entry of this Consent Decree by the Court, this

9  Consent Decree shall constitute a final judgment between the Department and

10  Settling Defendants.

11                    **IV.  DEFINITIONS**

12      16.    Unless otherwise expressly provided herein, all terms used in this

13  Consent Decree that are defined in CERCLA or in the regulations promulgated

14  under CERCLA, shall have the meaning assigned to them in the statute or

15  regulations.

16      17.    "Department" shall mean the State of California Department of Toxic

17  Substances Control.

18      18.    "Effective Date" shall mean the date of entry of this Consent Decree

19  by this Court.

20      19.    "Settling Defendants" shall mean Defendants Renu Plating Company,

21  Inc., Eric R. Lichtbach and David A. Lichtbach.

22      20.    "Parties" shall mean Plaintiff State of California Department of Toxic

23  Substances Control and Settling Defendants.

24      21.    "Response Costs" shall mean all costs of "removal", "remedial

25  action", or "response" (as those terms are defined by section 101 of CERCLA, 42

26  U.S.C. § 9601), related to the release and/or threatened release of hazardous

27  substances at, beneath, and/or from the Site, including in the soils and groundwater.

28

22.     The "Site" shall mean the property at 1527 East 32nd Street and 1531 East 32nd Street, Los Angeles, California 90011, identified by Los Angeles County Assessor's Parcel Numbers (APNs) 5117-001-008 and 5117-001-009, respectively. For the purposes of this Consent Decree, the Site includes the vertical and areal extent of the hazardous substance contamination that is or has been present at, beneath, and/or from the Site.

## V.  SETTLING DEFENDANTS' OBLIGATIONS

23.     The obligations of Settling Defendants under this Consent Decree are joint and several.

24.     <u>Payment.</u>   Settling Defendants shall pay to the Department the sum of two hundred and twenty-five thousand dollars ($225,000) within thirty (30) days of the Effective Date of the Consent Decree.

25.     The payment required in paragraph 24 shall be made by certified check, cashier's check, or money order made payable to Cashier, California Department of Toxic Substances Control, and shall bear on its face both the docket number of this proceeding and the phrase "Site Code 301014."  The payment shall be sent to:

> Department of Toxic Substances Control
> Accounting/Cashier, MS-21A
> 1001 I Street
> P.O. Box 806
> Sacramento, CA  95812-0806

A copy of the check/money order shall be mailed to:

> Rania A. Zabaneh, Project Manager
> Brownfields and Environmental Restoration Branch
> Department of Toxic Substances Control
> 5796 Corporate Avenue
> Cypress, CA 90630

CONSENT DECREE BETWEEN PLAINTIFF
AND  LICHTBACHS
Case No.: CV13-01508-R (CWx)

# VI.  ACCESS TO INFORMATION

26.     Within thirty (30) days of the Effective Date of this Consent Decree, Settling Defendants shall provide to the Department copies of any and all records, documents, and information, which are within their possession or control, or that of their agents, and which have not been previously provided to the Department, relating to: a) the ownership, operation, or control of the Site; b) the ownership, generation, treatment, transportation, or disposal of hazardous substances in connection with the Site; c) releases and/or threatened releases of hazardous substances at, beneath, and/or from the Site, including the soils and groundwater; or d) removal, remedial, or response actions at the Site.

27.     If, after the Effective Date of this Consent Decree, Settling Defendants discover or obtain any records, documents, or information described in paragraph 26 of this Consent Decree not previously provided to the Department, Settling Defendants agree to provide the Department with copies of the additional records, documents, or information within ten (10) calendar days of the date they discover or obtain the records, documents, or information.

# VII.  COVENANT NOT TO SUE BY DEPARTMENT

28.     Except as expressly provided in Section VIII (Reservation of Rights) of this Consent Decree, the Department covenants not to sue Settling Defendants pursuant to CERCLA and the California Hazardous Substances Account Act ("HSAA"), California Health and Safety Code section 25300 et seq., to: (1) recover the Department's Response Costs related to the Site; or (2) require Settling Defendants to conduct response actions, including removal or remedial actions in response to the release or threatened release of hazardous substances at the Site, including the soils and groundwater.  This covenant not to sue is conditioned upon the complete and satisfactory performance by Settling Defendants of all of their obligations under this Consent Decree.

## VIII.  RESERVATION OF RIGHTS

29.    Claims Regarding Other Matters.  The Department reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all matters not expressly included within the Department's Covenant Not To Sue in Section VII.

30.    Reservation of Claims.  The Department reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to:

a.    Claims based on a failure of Settling Defendants to meet a requirement of this Consent Decree;

b.    Liability resulting from Settling Defendants' actions, after the Effective Date, exacerbating the release and/or threat of release of a hazardous substance from the Site;

c.    Liability resulting from Settling Defendants' failure, after the Effective Date, to exercise due care with respect to hazardous substances at the Site;

d.    Liability for damages for injury to, destruction of, or loss of natural resources, as defined in CERCLA section 101(6), 42 U.S.C. § 9601(6), including all costs incurred by any natural resources trustees;

e.    Liability arising from the past, present, or future disposal, release and/or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site; and

f.    Criminal liability.

31.    Unknown Conditions/New Information.  Notwithstanding any other provision in the Consent Decree, the Department reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, and/or to issue an administrative order seeking to compel Settling

CONSENT DECREE BETWEEN PLAINTIFF
AND  LICHTBACHS
Case No.: CV13-01508-R (CWx)

Defendants to perform response activities at the Site and/or to pay the Department for additional Response Costs, if:

      a.    Either of the following occurs: (i) conditions at the Site, previously unknown to the Department, are discovered, or (ii) information previously unknown to the Department, is received, in whole or in part; and

      b.    The Department determines that the previously unknown conditions or new information together with other relevant information indicate that the response actions at the Site are not protective of human health or the environment.

    32.    <u>Claims Against Other Persons</u>.  The Department reserves, and this Consent Decree is without prejudice to, all rights, claims, and causes of action Department may have against any person other than Settling Defendants.  Nothing in this Consent Decree is intended to be nor shall it be construed as a release, covenant not to sue, or compromise of any claim or cause of action, which the Department may have against any person or other entity not a signatory to this Consent Decree.

    33.    <u>Government Authority</u>.  Except as expressly provided in this Consent Decree, nothing in the Consent Decree is intended or shall be construed to preclude the Department from exercising its authority under any law, statute, or regulation with respect to the Site.  Furthermore, except as expressly provided in this Consent Decree, nothing in this Consent Decree is intended, nor shall be construed, to preclude any state agency, department, board or entity, or any federal or local agency, department, board or entity, from exercising its authority under any law, statute, or regulation.

## IX.  COVENANT NOT TO SUE BY SETTLING DEFENDANTS

    34.    Settling Defendants covenant not to sue, and agree not to assert any claims or causes of action against the Department or its contractors or employees

CONSENT DECREE BETWEEN PLAINTIFF
AND  LICHTBACHS
Case No.: CV13-01508-R (CWx)

1   that arise out of the transaction or occurrence that is the subject matter of the

2   Department's complaint, or for any injuries, losses, costs, or damages caused or

3   incurred as a result of the performance of the requirements of this Consent Decree

4   or the Department's response actions at the Site.

5   ## X.  CONTRIBUTION PROTECTION

6   35.     With regard to claims for contribution, Settling Defendants are entitled

7   to contribution protection pursuant to section 113(f)(2) of CERCLA, 42 U.S.C. §

8   9613(f)(2), and by state statutory and common law for the "Matters Addressed" in

9   this Consent Decree, except for actions and claims identified in the Department's

10  Reservation of Rights (Section VIII.)

11  36.     The "Matters Addressed" in this Consent Decree include: (1) all past

12  and future Response Costs incurred by or on behalf of the Department with respect

13  to the Site, including the Department's oversight costs; (2) all past and future

14  Response Costs that have been and/or may be incurred by or on behalf of any other

15  person, including any past, present, or future Site owner or operator, with respect to

16  the Site.

17  37.     The contribution protection provided in this Section is conditioned

18  upon Settling Defendants' full performance of their obligations under this Consent

19  Decree.

20  38.     Nothing in this Consent Decree limits or impairs the right of the

21  Department to pursue any other person for unrecovered Response Costs incurred by

22  the Department.

23  ## XI.  NOTIFICATION

24  39.     Notification to or communication among the Parties as required or

25  provided for in this Consent Decree shall be addressed as follows:

26

27

28

11

CONSENT DECREE BETWEEN PLAINTIFF
AND  LICHTBACHS
Case No.: CV13-01508-R (CWx)

For the Department:

>    Rania A. Zabaneh, Project Manager
>    Brownfields and Environmental Restoration Branch
>    Department of Toxic Substances Control
>    5796 Corporate Avenue
>    Cypress, CA 90630

For Settling Defendants:

>    David R. Isola
>    405 West Pine Street
>    Lodi, California 95240

## XII.  **GENERAL TERMS**

40.    <u>Parties Bound.</u>  This Consent Decree shall apply to, be binding upon, and inure to the benefit of the Parties, and their representatives, successors, heirs, legatees, and assigns.

41.    <u>No Waiver of Enforcement.</u>   The failure of the Department to enforce any provision of this Consent Decree shall in no way be deemed a waiver of such provision or in any way affect the validity of this Consent Decree.  The failure of the Department to enforce any such provision shall not preclude it from later enforcing the same or any other provision of this Consent Decree.

42.    <u>Costs.</u>   Except as expressly provided in this Consent Decree, the Parties will not seek to recover attorneys' fees and/or litigation costs against each other.

43.    <u>Modification of Consent Decree.</u>  This Consent Decree may be modified only upon the written approval of the Parties and with the consent of the Court.

44.    <u>Integration.</u>  This Consent Decree constitutes the final, complete, and entire agreement between the Parties with respect to the settlement embodied in this Consent Decree.

45. <u>Lodging/Public Comment</u>. This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment. The Department shall file with the Court any written comments received and the Department's responses thereto. The Department reserves the right to withdraw or withhold its consent if comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to entry of this Consent Decree without further notice.

46. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the discretion of either the Department or Settling Defendants, and the terms of the agreement may not be used as evidence in any litigation between the Parties.

47. <u>Counterparts.</u> This Consent Decree may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

48. <u>Signatories.</u> Each signatory to this Consent Decree certifies that he or she is fully authorized by the Party he or she represents to enter into this Consent Decree, to execute it on behalf of the Party represented and legally to bind that Party.

### XIII.  APPROVALS OF PARTIES

The Department consents to this Consent Decree by its duly authorized representative as follows:

STATE OF CALIFORNIA DEPARTMENT
OF TOXIC SUBSTANCES CONTROL

Dated: _9/24/2014_         By: _____

JOHN E. SCANDURA, Branch Chief
Brownfields and Environmental
Restoration Branch
California Department of
Toxic Substances Control

13

CONSENT DECREE BETWEEN PLAINTIFF
AND LICHTBACHS
Case No.: CV13-01508-R (CWx)

Eric R. Lichtbach consents to this Consent Decree as follows:

Dated: 09/19 2014                    By: _____

ERIC R. LICHTBACH

David A. Lichtbach consents to this Consent Decree as follows:

Dated: 9/19 2014                     By: _____

DAVID A. LICHTBACH

Renu Plating Company, Inc. consents to this Consent Decree as follows:

RENU PLATING COMPANY, INC.

Dated: 9/19/2014                     By: _____

Title: President

IT IS SO ORDERED, ADJUDGED, AND DECREED.

Dated: January 5, 2015

_____

HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

CONSENT DECREE BETWEEN PLAINTIFF
AND LICHTBACHS
14          Case No.: CV13-01508-R (CWx)